## Case No. 17,271.

### In re WATSON.

[2 N. B. R. 570 (Quarto, 174); [1] 2 Am. Law T. Rep. Bankr. 93.]

District Court, N. D. Ohio. 1869.

HOMESTEAD EXEMPTION — ALLOTMENT TO BANKRUPT—EFFECT.

Where a creditor objected to the exemption of homestead pursuant to the laws of Ohio, as exceeding in value the amount therein limited, *held,* that the bankrupt by the allotment of the assignee did not take a fee-simple, but only a qualified estate in the homestead, with reversion in the assignee. The homestead ordered to be sold subject to the estate of the bankrupt, all surplus in value above that estate to be paid into the general fund.

[Cited in Re McKenna, 9 Fed. 36.]

Watson was adjudged bankrupt, December 19th, 1868, and William Waterman duly appointed assignee on the 15th of January, 1869. On the 9th of March, 1869, the said assignee set off to the bankrupt as a homestead to which he was entitled under the laws of the state of Ohio, certain real estate situate in the town of Berea, Cuyahoga county, Ohio. One of the creditors of said bankrupt, Henry Carman, excepted to the homestead exemption as allowed by the assignee. The parties thereupon appeared before Register Keith, and filed affidavits in support of and against the exceptions, but it appearing that questions of law and fact would arise upon the issue, a motion was made to adjourn the matter to the district court for its decision.

SHERMAN, District Judge. The evidence offered relates chiefly to the value of the real estate set off as a homestead, and is very conflicting, and the question it seeks to settle may be well determined by another mode. Quite a number of competent and intelligent witnesses swear, that the property is not worth over five hundred dollars, while an equal number of witnesses, fully as reliable, and as much entitled to credit, swear that it is worth from one thousand to fifteen hundred dollars. The proof is clear that the bankrupt is in such condition, as regards family, &c., that he is entitled to the exemption of a homestead as provided by the laws of Ohio. I am unwilling to decide from the evidence adduced in the premises, whether the property set off to him by the assignee, does or does not exceed the amount limited by the law, and, therefore, I deem it proper that the property be offered at public sale by the assignees, subject to all the claims or rights the

bankrupt has to it, as being exempt from sale under the homestead laws of Ohio. And if the property at such sale bring an amount exceeding five hundred dollars, such excess to be assets in the hands of the assignee for distribution among the creditors. But I am here met by the claim of the bankrupt, that such exemption and setting off of the property as a homestead, confers upon and vests in him a title in fee-simple to the property so set off. This, I think, is a proposition wholly untenable. The exemption laws of Ohio provide that certain articles of personal property shall not be taken in execution or sold; the language used is: "Exempt from execution and sale." The same laws provide that a certain amount of real estate used as a homestead, shall not be sold on execution; the language used is: "Exempt from sale on execution." In the case of personal property, it is exempt from levy or sale, and remains the property of the debtor, free to use, control, or dispose of it in an absolute manner. In the case of real estate, it is exempt only from sale on execution. It may be levied upon by virtue of an execution, and such levy will remain good, and a valid lien. If the property used and exempt as a homestead, is of a larger yearly value than forty dollars, and is indivisible, the debtor pays the creditor the surplus as rent. It is, therefore, clear to my mind, that the debtor does not acquire, in the homestead so set off to him, a fee-simple absolute title, but he possesses only a qualified right, a right to possess and occupy it, so long as he uses it as a homestead for his family, and otherwise complies with the provisions of the statute. It is a personal right for the benefit of himself and family, and when he or they leave the property and cease to occupy it as a homestead, the lien acquired by the judgment and levy, which was suspended by the operation of the statute, is revived, and again operates, and the property may be sold under the execution, free from the incumbrance of the homestead exemption. It is a right of possession personal to the debtor, and does not run with the land, and a sale by him would not convey any right to the purchaser.

I can find no decision in the Ohio courts on the construction to be placed on this statute. On a similar statute in New York there are two decisions (26 and 38 Barb.) sustaining the above views. I therefore hold and rule that the bankrupt, Watson, should possess the rights to use and occupy the premises in question, that the homestead laws of Ohio confer upon him: that the remainder or reversion in said property, after those rights are ended, belongs to his creditors; and that, by the assignment, the remainder or reversion is now vested in the assignee. It is therefore ordered that such remainder or reversion be ordered for sale on premises by the assignee, at public auction, after giving due notice, subject only to, and reserving to said bankrupt, all the rights and privileges incident to his homestead interest therein; the proceeds of such sale to be put into the general fund.

---

[1] [Reprinted from 2 N. B. R. 570 (Quarto, 174), by permission.]